Alan E. Ramos, SBN 214533
Craig S. Nevin, SBN 132281
Geoffrey Wm. Steele, SBN 219576
**NEVIN, RAMOS & STEELE**
700 Ygnacio Valley Road, Suite 220
Walnut Creek, California, 94596-3859
Telephone:     (925) 280-1700
Facsimile:     (925) 935-1642
Email:         aramos@LawNRS.com
               cnevin@LawNRS.com
               gsteele@LawNRS.com

Attorneys for Debtor,
DEMEX ENGINEERING, INC.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In Re: | Case No. 08-31873 |
| DEMEX ENGINEERING, INC. | Chapter 11 |
| Debtor. | **[No Hearing Date on Stipulation]** |

STIPULATION BY AND BETWEEN DEBTOR AND FINANCIAL FEDERAL CREDIT INC. TO INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 361, 362, 363, 503 AND 507, AND BANKRUPTCY RULE 4001: (I) AUTHORIZING DEBTOR TO USE CASH COLLATERAL; (II) MODIFYING THE AUTOMATIC STAY; (III) GRANTING POST-PETITION LIENS; AND, (IV) GRANTING ADEQUATE PROTECTION

This Stipulation is entered into by and between Demex Engineering, Inc., Debtor and Debtor in Possession ("Debtor") by and through its attorneys of record, Alan E. Ramos of Nevin Ramos and Steele, on the one hand and secured creditor Financial Federal Credit Inc. ("FFCI") by and between its attorneys of record, Andrew K. Alper of Frandzel Robins Bloom & Csato, L.C., on the other hand, with respect to stipulating to an Interim Order pursuant to 11 U.S.C. §§105, and 361, 362, 363,503, and 507 and Bankruptcy Rule 4001 Authorizing Debtor to Use Cash collateral modifying Automatic Stay Granting Post-Petition Liens and Granting Adequate Protection ("Stipulation") and is based on the Recitals set forth herein below:

1

STIPULATION

# RECITALS

A. On October 3, 2008, the Debtor filed a voluntary petition for relief with this Court under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Case");

B. The Debtor is continuing in possession of its property and managing its business as a debtor in possession pursuant to Bankruptcy Code §§ 1107 and 1108;

C. This Court has jurisdiction over the Chapter 11 Case and the subject of this Stipulation pursuant to 28 U.S.C. §§ 157(b) and 1334;

D. Consideration of this Stipulation and the order entered thereon constitute a core proceeding as defined by 28 U.S.C. § 158(b)(2);

E. On November 12, 2008, FFCI filed with the Court a Stipulation by and between Debtor and Financial Federal Credit Inc. to Interim Order Pursuant to 11 U.S.C. §§105, and 361, 362, 363,503, and 507 and Bankruptcy Rule 4001: (I) Authorizing Debtor to Use Cash Collateral; (II) Modifying the Automatic Stay; and (III) Granting Post-Petition Liens and (IV) Granting Adequate Protection (the "Initial Stipulation") entered into by and between the Debtor and FFCI. The Initial Stipulation is incorporated by reference hereto.

F. The Court entered an Order approving the Initial Stipulation on December 18, 2008.

G. On March 13, 2009, the Debtor filed with the Court a Stipulation by and between Debtor and Financial Federal Credit Inc. to Interim Order Pursuant to 11 U.S.C. §§105, and 361, 362, 363,503, and 507 and Bankruptcy Rule 4001: (I) Authorizing Debtor to Use Cash Collateral; (II) Modifying the Automatic Stay; and (III) Granting Post-Petition Liens and (IV) Granting Adequate Protection extending the term of the Initial Stipulation (the "Renewed Stipulation").

H. No party filed an objection to the proposed Stipulation; however, inadvertently Debtor's Counsel did not upload an order for the Court's signature.

I. Debtor has fully complied with the terms and conditions of the Initial Stipulation and the Renewed Stipulation and is current on all of its post-petition obligations.

J. Based on the above, the Debtor and FFCI have agreed to extend the term of the Stipulation as stated below:

# **STIPULATION**

1. <u>Recitals</u>. FFCI and the Debtor (collectively the "Parties") incorporate the Recitals set forth in paragraphs A through H hereinabove as though set forth in full herein.

2. <u>Use of Cash Collateral</u>. The Debtor is hereby authorized to use cash collateral of FFCI provided that FFCI is granted adequate protection as hereinafter set forth and the Debtor agrees to the terms set forth herein. The Debtor's right to use cash collateral shall terminate automatically, without notice, on the Termination Date without further order or relief from the Court. The term "Termination Date" shall mean: the earliest to occur of (i) September 30, 2009; or (ii) an occurrence of an Event of Default under this Stipulation or a further default under the terms of the Lease, the Promissory Note and Security Agreement; or (iii) the date this Stipulation ceases to be in full force and effect for any reason. The Court shall set a hearing for a final order for use of cash collateral as close to September 30, 2009, as possible.

3. <u>Bankruptcy Court Approval of Stipulation</u>. The Bankruptcy Court must approve all of the terms, covenants, and conditions set forth in the Stipulation before this Stipulation is in full force or effect.

4. <u>Payments To Be Made to FFCI</u>. The Debtor shall continue to make payments on the lease in the sum of $5,000.00 a month. The Debtor shall continue to make payments on the Promissory Note and Security Agreement in the sum of $1,840.21. Therefore, FFCI shall continue to receive monthly payments in the sum of $6,840.21 on the first day of the month until there is a final Order on Use of Cash Collateral, a Plan of Reorganization or another agreement between the parties.

5. <u>Validation of Indebtedness and FFCI's Allowed Secured Claim</u>. The Debtor agrees that the Lease, Promissory Note and Security Agreement and all other related documents executed in connection therewith are valid, authentic, true and correct and not subject to attack for any reason or purpose and that FFCI has valid and enforceable lien on the Compressors and the Collateral.

6. <u>Definition of Cash Collateral</u>. The term "Cash Collateral" as used in this Stipulation is defined as all of the pre-petition and post-petition income, collections, monies, and proceeds derived from or in connection with any of the Collateral and all pre-petition and post-petition income, collections, monies, and proceeds derived from or in connection with any Replacement Lien

Collateral, as defined below, including, without limitation, any and all proceeds of the sale, lease, or other disposition of the Collateral or of any of the Replacement Lien Collateral, any collections on accounts receivable, any insurance proceeds, and any other proceeds of the Collateral and/or Replacement Lien Collateral, regardless of how derived. Debtor further agrees that FFCI holds a valid, enforceable, perfected and unavoidable security interest and lien upon the Cash Collateral and FFCI's Collateral, whether existing pre-petition or post-petition, and whether or not in the possession, custody or control of the Debtor.

7. <u>Replacement Lien</u>. In addition to the rights granted to FFCI under the terms of the Lease, Promissory Note, and Security Agreement and Section 552(b), for any Cash Collateral used by Debtor, FFCI shall be granted replacement liens on and security interest in all of Debtor's tangible and intangible property including, without limitation, post-petition rents, income, issues, proceeds and profits produced by and/or derived from the Collateral, or Cash Collateral, which replacement liens and security interest shall have the same priority, extent, and validity as FFCI's security interests or other interests in the Collateral and/or Cash Collateral used by the Debtor together with any claims or actions against insiders of the Debtor including, but not limited to, claims under Sections 547, 548, 550 and 551 of the Bankruptcy Code (collectively "Replacement Lien Collateral") except as may otherwise be set forth herein. The Replacement Liens and the security interest granted herein are valid, enforceable, and fully perfected and no filing or recordation or any act in accordance with any applicable Local, State, or Federal law is necessary to create or perfect such lien and security interest. Notwithstanding the foregoing, Debtor shall execute and deliver to FFCI such documents as FFCI may reasonably request to evidence the Replacement Liens granted herein.

8. <u>Superpriority of Expense of Administration</u>. To the extent the replacement liens and security interest are insufficient to compensate FFCI for the use of its Cash Collateral or Collateral, UPS shall have an administrative claim under 11 U.S.C. § 503(b) and 507(a)(1) with a superpriority status set forth in 11 U.S.C. § 507(b) only to the extent of any deficiency.

9. <u>No Surcharge Against Collateral or Replacement Lien Collateral</u>. During the term of this Stipulation, including any extensions thereof, Debtor does not have and shall not be entitled to

4
STIPULATION

recover upon any claim under 11 U.S.C. § 506(c), 552(b), or any other applicable law against the Collateral, Cash Collateral, Replacement Lien Collateral, or FFCI's interest therein for costs and expenses arising out of and/or appertaining to Debtor's bankruptcy case or any proceeding to which this Case may be converted, including, without limitation, by way of example only, charges for accrued and/or unpaid management fees or any claims by unpaid suppliers of goods, services and/or materials to the Debtor and any claims by and/or on behalf of the officers or affiliates or insiders against the Debtor.

10. <u>Prohibition of Use of Cash Collateral</u>. Notwithstanding anything herein or in any other order by the Court to the contrary, no Collateral, Cash Collateral or Replacement Lien Collateral, may be used (i) to object, contest, or raise any defenses to, the validity, perfection, priority, extent, or enforceability of any amount due or lien created under the Lease, Promissory Note, and Security Agreement, or the liens or claims granted under this Stipulation, (ii) to assert any action for preferences, fraudulent conveyances, other avoidance power claims or any other claims, counterclaims, or causes of action, objections, contests, or defenses granted FFCI, or its respective agents, affiliates, representatives, attorneys or advisors, in respect of the Note and Security Agreement, (iii) to prevent, hinder or otherwise delay FFCI's assertion, enforcement, or realization on the Cash Collateral or the Post-Petition Collateral in accordance with this Stipulation, (iv) to seek to modify any of the rights granted to FFCI under this Stipulation or under the Lease, Promissory Note, Security Agreement, or any other documents or instruments, (v) to pay any monies, compensation or otherwise to insiders of the Debtor except as set forth any on the Debtor's Budget submitted herewith, or (vi) to pay any amount on account of any claims arising prior to the Petition Date, unless such payments on account of such pre-petition claims are approved by this Stipulation or are consistent with the Budget that the Debtor has provided to FFCI and which is attached hereto as Exhibit "1".

11. <u>Preservation of Rights Granted Under this Stipulation, Events of Default, and Remedies</u>.

(a) There will be an Event of Default under this Stipulation and a termination of the right to use Cash Collateral if the Debtor fails in any way to perform the terms and conditions of this

5
STIPULATION

Stipulation or there is a further default pursuant to the terms of the Lease, Promissory Note as amended by this Stipulation and Security Agreement, and/or if the Debtor seeks, or if there is entered, (i) any modifications or extensions of this Stipulation without the prior written consent of FFCI in its sole discretion, unless Debtor obtains an Order of the Court, and no such consent shall be implied by any other action, inaction or acquiescence by FFCI, (ii) an order dismissing the Case, (iii) any plan of reorganization fails to comply with the terms of this Stipulation, (iv) any motion involving the sale of substantially all of the Debtor's assets that does not either provide for payment in full to FFCI or is not consented to by FFCI, (v) any default to any lender pursuant to any Stipulation allowing use of cash collateral or other order in this Case.  If an order dismissing the Case under section 1112 of the Bankruptcy Code or otherwise is at any time entered, such order shall provide that (x) the Section 507(b) Claim, security interests, and replacement security interests granted to FFCI pursuant to this Stipulation shall continue in full force and effect and shall maintain their priorities as provided in this Stipulation until FFCI has been paid and satisfied in full (and that such Section 507(b) Claims, security interests, and replacement security interests shall, notwithstanding such dismissal, remain binding on all parties in interest) and (y) subject to the provisions of section 350 of the Bankruptcy Code, the Court shall retain jurisdiction, notwithstanding such dismissal, for the purposes of enforcing the claims, liens, and security interests or replacement security interests referred to in (x) above.  Termination shall be effective immediately upon the occurrence of any of the above specified Events of Default without prior notice or an opportunity to cure.

(b) Except as expressly provided in this Stipulation, the Post-Petition Liens, adequate protection or Replacement Liens, the Section 507(b) Claim and all other rights and remedies of FFCI granted by the provisions of this Stipulation shall survive, and shall not be modified, impaired or discharged by the entry of an order converting the Case to a case under Chapter 7, dismissing the Case, or by any other act or omission, nor shall the Post-Petition Liens, or any of the other rights and remedies of FFCI granted by the provisions of this Stipulation be modified, impaired or discharged by the entry of an order confirming a plan of reorganization in the Case and, pursuant to section 1141(d)(4) of the Bankruptcy Code, the Debtor will waive any discharge as to any remaining

1  obligations.  The terms and provisions of this Stipulation shall continue in the Case, in any successor

2  case, or in any superseding Chapter 7 case under the Bankruptcy Code, and the Post-Petition Liens,

3  the adequate protection obligations, and all other rights and remedies of FFCI granted by the

4  provisions of this Stipulation shall continue in full force and effect until FFCI has been paid.

5          (c)    In the event of a default in payment or performance hereunder or under the

6  Lease, Promissory Note and Security Agreement, FFCI shall be granted relief from the automatic

7  stay to take possession of and liquidate the Compressors, Collateral, Cash Collateral, Post-Petition

8  Collateral, and Replacement Lien Collateral upon the submission of a Declaration to the Court

9  indicating that there has been a default without any notice or hearing.

10      12.    <u>No Waiver</u>.  The failure of FFCI to seek relief or otherwise exercise its rights and

11  remedies under this Stipulation, the Lease, Promissory Note and Security Agreement, or any other

12  documents or instruments or applicable law, as the case may be, shall not constitute a waiver of any

13  of the rights hereunder, thereunder, or otherwise of FFCI.

14      13.    <u>Binding Effect Upon Successors and Assigns</u>.  The provisions of this Stipulation shall

15  be binding upon and inure to the benefit of FFCI, the Debtor and their respective successors and

16  assigns (including any trustee or other fiduciary hereinafter appointed as a legal representative of the

17  Debtor or with respect to the property of the estate of the Debtor).

18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

7

1.     14.   <u>Immediate Effect</u>. For purposes of this Stipulation, the "Effective Date" shall be the date of the entry of a final, non-appealable Order of the Court approving this Stipulation. Upon approval of the Court, any opposition to use of cash collateral filed by FFCI is withdrawn.

DATED: June 17, 2009           NEVIN, RAMOS & STEELE

By:    /s/ Alan E. Ramos
ALAN E. RAMOS,
Attorneys for Demex Engineering, Inc.

DATED: June 17, 2009           FRANDZEL ROBINS BLOOM & CSATO, L.C.

By:    /s/ Andrew K. Alper
ANDREW K. ALPER
Attorneys for Creditor, FINANCIAL FEDERAL CREDIT INC.